<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WAYNE P. COONS, | : | |
| | : | Civil Action No. 08-1926 (NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | <u>O P I N I O N</u> |
| MICHELE M. KIRWIN, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

    WAYNE P. COONS, #584183, Plaintiff <u>Pro</u> <u>Se</u>
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey  08302

<u>**HILLMAN**</u>, District Judge

    Plaintiff Wayne P. Coons, a prisoner incarcerated at South Woods State Prison, seeks to file a Complaint alleging violation of his constitutional rights, pursuant to 42 U.S.C. § 1983. Based on Plaintiff's affidavit and certified prison account statement, this Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915. Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint as time barred without prejudice to the filing of an amended complaint if Plaintiff believes this Court misconstrued his pleading or he can show that equitable tolling is warranted. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I.  BACKGROUND

Plaintiff sues private persons Michele Kirwin and Lawrence Johnson, his defense attorney Fred Last, three police officers, the Washington Township Police Department, and John Does 1 through 10, for violation of his constitutional rights under 42 U.S.C. § 1983.  He asserts the following facts, which this Court is required to regard as true for the purposes of this review.  See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007).  Plaintiff alleges that on August 7, 2005, defendants Michele Kirwin and Lawrence Johnson stole Plaintiff's vehicle.  He asserts that on August 15, 2005, while staying at Plaintiff's residence, Kirwin and Johnson stole Plaintiff's money and certain personal belongings, physically abused Plaintiff, and deprived Plaintiff of the means to seek assistance.  Plaintiff asserts that Kirwin and Lawrence also used Plaintiff's vehicle to commit one or more robberies, and brought the stolen goods to Plaintiff's residence.  Plaintiff alleges that the police thereafter charged Plaintiff with conspiracy to commit robbery.

Plaintiff maintains that Fred Last, the attorney who represented him in the criminal proceeding, failed to prevent co-defendant Lawrence Johnson from making death threats against Plaintiff and failed to otherwise provide adequate representation.  Plaintiff asserts that Fred Last pressured Plaintiff to enter a guilty plea, when the facts indicated otherwise.

Plaintiff further asserts that from September 21, 2005, through September 23, 2005, Washington Township police officers Di Tullio, Frattali and Martin threatened Plaintiff when he tried to report the theft of his vehicle, assaulted Plaintiff and generated a false police report.  Plaintiff alleges that Washington Township Police Department violated his constitutional rights by failing to properly supervise and train these officers.  Plaintiff seeks damages against all defendants for violation of his constitutional rights.

## II.  LEGAL STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ."  Fed. R. Civ. P. 8(a).  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  As for dismissal for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).

\*              \*              \*

The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come. Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context. Reading Twombly to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean. "Plausibility" is related to the requirement of a Rule 8 "showing." In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it." Twombly, 127 S. Ct. at 1965 n.3. While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .

> The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter (taken as true) to suggest the required elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Twombly. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). A pro se prisoner plaintiff needs to allege only enough factual matter (taken as true) to suggest the required elements of the claim(s) asserted, Twombly, supra.; the Court need not, however, credit a pro se plaintiff's "legal conclusions." Morse v. Lower Merion School Dist., 132 F. 3d 902, 906 (3d Cir. 1997).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A.  Statute of Limitations

Plaintiff seeks relief under § 1983 for violation of his constitutional rights in August and September 2005. The statute of limitations on civil rights claims is governed by New Jersey's two-year limitations period for personal injury. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006); Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). This statute requires that "an action for an injury to the person caused by a wrongful act, neglect, or default, must be convened within two years of accrual of the cause of action." Cito, 892 F.2d at 25 (quoting Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987)). Under federal law governing the accrual of § 1983 claims, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the

section 1983 action."[1] Montgomery, 159 F.3d at 126 (quoting Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)); see also Sameric Corp. of Del., Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998).

In this case, Plaintiff alleges that Defendants violated his rights in August and September 2005. The statute of limitations on Plaintiff's claims began to run on September 24, 2005, at the latest, when the last act of wrongdoing allegedly occurred, and expired on September 24, 2007, over six months before Plaintiff executed the cover letter for his Complaint on April 8, 2008. Thus, it is apparent from the face of the Complaint that Plaintiff's § 1983 claims are time barred.

The question remains as to whether this Court may dismiss these claims sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as time-barred. The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants. See Bethel v. Jendoco Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), the Supreme Court observed in Jones v. Bock, 549 U.S. 199, ___, 127 S. Ct. 910, 920-21 (2007), that if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." See also Bethel, 570 F.2d at 1174 (civil rights claim may be dismissed as time-barred on defendant's motion to

---

[1] However, this rule does not apply when a plaintiff brings a § 1983 action that, if successful, would demonstrate that the plaintiff's underlying criminal conviction or imprisonment is invalid. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Gibson v. Superintendent of N.J. Dep't of Law & Public Safety, 411 F.3d 427, 435 (3d Cir. 2005). In that situation, the cause of action does not arise until the conviction or sentence is invalidated, and the statute of limitations does not begin to run until the time of such invalidation. Heck, 512 U.S. at 489; Gibson, 411 F.3d at 435.

dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations") (citation omitted).

The Third Circuit has not considered in a precedential opinion whether a district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915A(b) where the time-bar is apparent on the face of the Complaint, but has affirmed sua sponte dismissal in at least one unpublished opinion.  See Hunterson v. DiSabato, 2007 WL 1771315 (3d Cir. 2007) ("district court may sua sponte dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(a) where it is apparent from the complaint that the applicable limitations period has run") (citing Jones v. Bock, 127 S. Ct. 910, 920-21 (2007) ).[2]  Moreover, several federal circuits have permitted sua sponte dismissal under § 1915(e) or § 1915A.  See, e.g., Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Pino v. Ryan, 49 F.3d 51 (2nd Cir. 1995); Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993); Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992); Street v. Vose, 936 F.2d 38 (1st Cir. 1991).

This Court holds that sua sponte dismissal is appropriate on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."  Bethel v. Jendoco Const. Corp., 570 F.2d at 1174 (citation omitted).  Applying this standard, the Court finds that dismissal of Plaintiff's § 1983 claims is warranted because it is clear from the face of the Complaint that the claims are time-barred.  This Court will accordingly dismiss the Complaint for failure to state a claim upon which relief may be granted.  The dismissal is without prejudice to the filing of an amended

---

[2] The Supreme Court observed in Jones v. Bock, 127 S. Ct. at 920-21 that if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."

complaint within 30 days if Plaintiff believes this Court misconstrued his allegations regarding the timing of events or Plaintiff can show that equitable tolling is warranted.  See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002) (court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility).

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint within 30 days.  An appropriate Order accompanies this Opinion.

    s/Noel L. Hillman
**NOEL L. HILLMAN, U.S.D.J.**

Dated:     November 3   , 2008

At Camden, New Jersey