```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| WAYNE P. COONS, : | |
| : | Civil No. 08-1926 (NLH) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | **MEMORANDUM OPINION** |
| MICHELE M. KIRWIN, et al., : | |
| : | |
| Defendants. : | |

This matter coming before the Court upon Plaintiff's submission of an Amended Complaint, Brief, and Amended Brief [docket entry nos. 10, 11, 13], and Plaintiff's motion [docket entry #16] for restraint of violations of civil rights, and it appearing that:

1. Plaintiff, a prisoner incarcerated at South Woods State Prison, filed a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915 asserting violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff alleged in the Complaint that on August 7, 2005, defendants Michele Kirwin and Lawrence Johnson stole Plaintiff's vehicle; on August 15, 2005, while staying at Plaintiff's residence, Kirwin and Johnson stole Plaintiff's money and certain personal belongings, physically abused Plaintiff, and deprived Plaintiff of the means to seek assistance; Kirwin and Lawrence used Plaintiff's vehicle to commit one or more robberies, and brought the stolen goods to Plaintiff's residence. Plaintiff further alleged that, when he attempted to report these crimes to the Washington Township police, officers Di Tullio,

Frattali and Martin threatened Plaintiff, assaulted Plaintiff and generated false police reports.

    2. By Order and Judgment entered November 6, 2008, this Court, inter alia, dismissed the Complaint, without prejudice to the submission for the Court's review of an amended complaint. In the Opinion accompanying the Order, the Court found that the statute of limitations on Plaintiff's § 1983 claims began to run on September 24, 2005, at the latest, when the last act of wrongdoing allegedly occurred, and expired on September 24, 2007, over six months before Plaintiff executed the cover letter for his Complaint on April 8, 2008. Because it was apparent from the face of the Complaint that Plaintiff's § 1983 claims were barred by the statute of limitations, this Court dismissed the Complaint.

    3. On January 5, 2009, after this Court extended the time, the Clerk received and filed Plaintiff's Amended Complaint (10 pages) dated December 18, 2008. Plaintiff also filed a brief and amended brief on February 3 and 9, 2009. In the Amended Complaint, Plaintiff sues the Washington Township Police Department and police officers DiTullio, Frattali and Martin. Plaintiff alleges that he reported to these police that several persons had stolen various items from him, including his car on August 7, 2005, $1,800.00 in cash on August 15, 2005, a video camera on September 21, 2005, and a framed photo and jewelry on

October 4, 2005.  Plaintiff asserts that on May 20, 2007, the date on which he was sentenced to a three-year term of incarceration based on a guilty plea, he discovered that defendant-police officers had submitted false police reports regarding the aforesaid incidents.

    4.   Plaintiff argues that his claims are timely because (a) he did not discover that the police officers who refused to assist him had submitted false police reports until May 20, 2007, and (b) he is entitled to equitable tolling.  Specifically, Plaintiff asserts:

> The plaintiff submits that the actions [of the police] in concert with the thieves permitting them to continue their activities without arrest when the plaintiff called the police, is both an extraordinary cause of action and a way of preventing him from asserting his claims.  When the police officers refuse to assist a caller reporting criminal activity this lulls the caller into a sense of hopelessness and despair that even the executive branch of the government will not come to his aid.
>
> Further, the filing of a false police report is a method of misleading not only the plaintiff but also anyone who might investigate the claims.  This includes his counsel of record, Samuel Bullock, and anyone investigating the matter to ascertain whether they would take on the civil rights action. i.e., Clifford L. Van Syoc.  The police reports being as they are, any investigator may take them at face value and conclude there is no justifiable cause of action.
>
>     \*        \*        \*

> Plaintiff herein makes allegations of extraordinary circumstances that permit equitable tolling under either New Jersey or federal law.  In light of the showing of intentional inducement or trickery by defendants filing the false police reports, the application of equitable tolling as demanded by sound legal principles as well as the interests of justice applies to Plaintiff's claims.  Plaintiff invites this court to view the facts of the defendants' refusing to assist him in his complaints of criminal activity against him as a form of and in then telling him there was no administrative remedy lulls him into a belief that he cannot find redress of his grievance.
>
> Plaintiff herein invokes the discovery rule and the equitable-tolling doctrine . . . .  To justify his claim's timing, he argues he was not aware until 20 May 2007, (the day he received the discovery before his sentencing in state court) that the police officers involved in refusing to assist him had actually filed false police reports.

(Docket entry #11 at pp. 6, 8.)

5.  The Prison Litigation Reform Act requires the Court to dismiss at any time a civil action brought by a prisoner who is proceeding in forma pauperis if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

6.  The Court finds that dismissal of the Amended Complaint is required because it does not show that Plaintiff is entitled

4

to equitable tolling or that he did not know of the alleged injury until May 20, 2007.

7. A § 1983 "cause of action accrues when the plaintiff knew or should have known of the injury upon which [the] action is based." Sameric Corp. of Delaware, Inc. v. Philadelphia, 142 F. 3d 582, 599 (3d Cir. 1998). Plaintiff appears to contend that his cause of action under 42 U.S.C. § 1983 did not accrue until May 20, 2007, when he obtained copies of the police reports prepared by defendants and discovered that the reports were false. However, filing a false police report does not violate Plaintiff's constitutional rights[1] and any § 1983 claim Plaintiff may be able to assert regarding the police would necessarily have accrued at the time of the incidents, which allegedly occurred on August 7, 2005, August 15, 2005, September 21, 2005, and October 4, 2005. As Plaintiff executed the cover letter accompanying his Complaint on April 8, 2008, which is more than two years from the last incident, this Court again finds that any § 1983 claims arising from those incidents are time barred.

8. Nor has Plaintiff shown grounds for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden

---

[1] "[T]he filing of a false police report is not itself a constitutional violation." Jarrett v. Township of Bensalem, 312 Fed. Appx. 505, 507 (3d Cir. 2009) (citation and internal quotation marks omitted); see also Landrigan v. Warwick, 628 F. 2d 736, 744 (1st cir. 1980) (the existence of a false police report does not deprive a person of a Constitutional right).

of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Plaintiff does not allege that he ever sought to see the report or that he was denied access after seeking disclosure of the report as the original complaining party. The filing of a false police report, otherwise available to him, is not an extraordinary circumstance that prevented Plaintiff from timely asserting his rights and Plaintiff has shown no other basis for equitable tolling.

9. Based on the foregoing, this Court will dismiss the Amended Complaint for failure to state a claim under 42 U.S.C. § 1983 and failure to comply with the Court's Order permitting amendment of the original Complaint.

10. On July 24, 2009, Plaintiff filed a letter-motion dated July 21, 2009, for restraint of violations of civil rights against Washington Twp., Gloucester County, Gloucester Twp. and Camden County. Plaintiff "request[s] federal court to order the U.S. Attorney's Office and F.B.I. to investigate 10-15 yrs. of civil & handicap abuse, protect me of constitutional civil rights violations and abuse under the Handicaps Disabilities Acts, which overwhelms & consumes me & endangers my health & welfare, & puts me in extreme danger of more violations & abuse." (Docket entry #16.)

11.  This Court will deny Plaintiff's motion as moot.  To the extent that Plaintiff seeks this relief based on the present proposed Amended Complaint and the Court having determined that it must be dismissed, the Court lacks the jurisdiction to afford the Plaintiff any relief.  As a standalone complaint, the allegations in the letter-motion lack both the clarity and factual specificity required under the Federal Rules of Civil Procedure.  Stating a viable "claim requires a complaint with enough factual matter (taken as true) to suggest the required element[s of the cause of action]."  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) (stating that a complaint needs to contain more than "bald assertions" and "legal conclusions").  If Plaintiff seeks to assert claims regarding alleged violations of his constitutional and federal statutory rights with respect to a disability, he may do so by filing a new complaint in a new civil action naming the appropriate defendants and complying with the pleading rules of this Court.

12.  An appropriate Order accompanies this Opinion.

/S/NOEL L. HILLMAN
**NOEL L. HILLMAN**
United States District Judge

Dated:   August 25 , 2009

At Camden, New Jersey

7