```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

WAYNE P. COONS,                    :
                                   :    Civil No. 08-1926 (NLH)
          Plaintiff,               :
                                   :
     v.                            :
                                   :    MEMORANDUM OPINION
MICHELE M. KIRWIN, et al.,         :
                                   :
          Defendants.              :
                                   :
```

This matter coming before the Court upon Plaintiff's "Motion for Exten[s]ions" [docket entry #20] filed September 28, 2009, and it appearing that:

1. Plaintiff, a prisoner incarcerated at South Woods State Prison, filed a Complaint in forma pauperis pursuant to 28 U.S.C. § 1915 asserting violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff alleged in the Complaint that on August 7, 2005, defendants Michele Kirwin and Lawrence Johnson stole Plaintiff's vehicle; on August 15, 2005, while staying at Plaintiff's residence, Kirwin and Johnson stole Plaintiff's money and certain personal belongings, physically abused Plaintiff, and deprived Plaintiff of the means to seek assistance; Kirwin and Lawrence used Plaintiff's vehicle to commit one or more robberies, and brought the stolen goods to Plaintiff's residence. Plaintiff further alleged that, when he attempted to report these crimes to the Washington Township police, officers Di Tullio, Frattali and Martin threatened Plaintiff, assaulted Plaintiff and generated false police reports.

2. By Order entered November 6, 2008, this Court, <u>inter alia</u>, dismissed the Complaint, without prejudice to the submission for the Court's review of an amended complaint. In the Opinion accompanying the Order, the Court found that the statute of limitations on Plaintiff's § 1983 claims began to run on September 24, 2005, at the latest, when the last act of wrongdoing allegedly occurred, and expired on September 24, 2007, over six months before Plaintiff executed the cover letter for his Complaint on April 8, 2008. Because it was apparent from the face of the Complaint that Plaintiff's § 1983 claims were barred by the statute of limitations, this Court dismissed the Complaint.

3. On January 5, 2009, Plaintiff filed an Amended Complaint and supporting brief. In the Amended Complaint, Plaintiff alleged that he reported to the police that several persons had stolen various items from him, including his car on August 7, 2005, $1,800.00 in cash on August 15, 2005, a video camera on September 21, 2005, and a framed photo and jewelry on October 4, 2005. Plaintiff asserted that on May 20, 2007, the date on which he was sentenced to a three-year term of incarceration based on a guilty plea, he discovered that the defendant-police officers had submitted false police reports regarding the aforesaid incidents.

Plaintiff argued that his claims were timely because (a) he did not discover that the police officers who refused to assist him had submitted false police reports until May 20, 2007, and (b) he should be entitled to equitable tolling.

4. By Memorandum Opinion and Order entered August 26, 2009, this Court dismissed the Complaint, as amended, on the ground that Plaintiff's federal claims were time barred. This Court rejected Plaintiff's arguments that he was entitled to equitable tolling and that he did not know of the alleged injury until May 20, 2007.

5. This Court also denied Plaintiff's letter-motion dated July 21, 2009, in which Plaintiff asked this Court to order the United States Attorney and Federal Bureau of Investigation "to investigate 10-15 yrs. of civil & handicap abuse [by Washington Twp., Gloucester County, Gloucester Twp. and Camden County], protect me of constitutional civil rights violations and abuse under the Handicaps Disabilities Acts, which overwhelms & consumes me & endangers my health & welfare, & puts me in extreme danger of more violations & abuse." (Docket entry #16.) This Court denied Plaintiff's motion on the ground that the Court lacked jurisdiction over the motion because the Complaint and Amended Complaint had been dismissed. The Memorandum Opinion indicated that, to the extent that Plaintiff desired to assert claims regarding alleged violations of his constitutional and

federal statutory rights with respect to a disability, he could do so by filing a new complaint in a new civil action naming the appropriate defendants and complying with the pleading rules of this Court.

    6.  On September 28, 2009, Plaintiff filed the motion presently before this Court.  Plaintiff asserts in the motion:

> It is my understanding that I have not met the Federal Guidelines of Equitable Tolling in this case; I Wayne P. Coons am Requesting that the Federal Courts Grant me a 6 month exten[s]ion to meet this requirement for several Reasons:
>
> 1) Federal Court has denied me access to counsel and to Proceed as Pro-Se Counsel.
>
> 2) on several occasions I have requested more Law Library time and have Been Granted none .
> . . .
>
> 3) Federal [Court] has not responde[d] to my request for Relief of Har[]ass[]ment from Others that are involved in this case.
>
> (4) I can not and have no access to request Evidence from being incarcerated here in South Woods.
>
> 5) I will be released on 10/24/09 and will be more able to fulfill the Requirements that this Institution prevents me from doing, being incarcerated here at Southwoods.
>
> 6) I will still be destitut[e] when Released and to re-file and to acc[rue] more Fees and cost would create more Burde[n] on Plaintiff, Wayne P. Coons.
>
> Please take the time to reconsider and Grant me a 6 month exten[s]ion in order to retain Counsel and address lack of required evidence.

(Docket entry #20 at p. 1.)

    7.    This Court will reopen the file in order to entertain Plaintiff's motion for an extension, deny the motion for lack of jurisdiction, and reclose the file.  The Complaint and the Amended Complaint were dismissed as time barred on by Opinion and Order entered August 26, 2009, without leave to file a second amended complaint asserting an unrelated claim against different parties relating to a disability.  This Court notified Plaintiff that, if he wished to assert federal claims concerning a disability, he could do so by filing a new complaint against appropriate defendants which complies with the rules of pleading.  As there is no case or controversy pending before this Court, this Court lacks jurisdiction to grant the requested extension.[1]

    8.    An appropriate Order accompanies this Opinion.

                                      /s/ NOEL L. HILLMAN
                                      **NOEL L. HILLMAN**
                                      District Judge

Dated:    October 14th   , 2009

At Camden, New Jersey

---

[1] Plaintiff should be aware that, unlike prisoners, a non-prisoner who is granted permission to proceed in forma pauperis is not required to pay the $350.00 filing fee in installments or otherwise.  See 28 U.S.C. § 1915(a).